## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JEANINE LYNN JONES, | |
| Plaintiff, | |
| -vs- | CASE NO. |
| EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and GREAT AMERICAN FINANCE HOLDINGS, LLC, | |
| Defendants. | |

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

COMES NOW Plaintiff, JEANINE LYNN JONES (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), and GREAT AMERICAN FINANCE HOLDINGS, LLC (hereinafter "GAF") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

1

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Equifax Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin.

Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURSIDICATION, VENUE, AND PARTIES

6.      The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Equifax's principal address is in this District, Defendants transact business within this District, and violations described in this Complaint occurred in this District.

9.      Plaintiff is a natural person and resident of Wyoming County in the State of West Virginia. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.      Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.      Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver Street, Lawrenceville, Georgia 30046.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling,

evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     GAF is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporate Creations Network Inc., located at 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30066.

20.     GAF is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.     GAF furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

22.     Plaintiff is alleged to owe a debt to GAF, partial account number ending x9896, as to a revolving credit (hereinafter "GAF Account"). Plaintiff does not have an account with GAF and never applied or gave permission to anyone to apply using her information for the GAF Account.

23.     Plaintiff is alleged to owe a debt to non-party, Synchrony Bank, partial account number ending x6663, as to a Big Sandy Superstore credit card (hereinafter

"Synchrony Account").  Plaintiff does not have an account with Synchrony Bank as to a Big Sandy Superstore credit card and never applied or gave permission to anyone to apply using her information for the Synchrony Account.

24.     In or about December 2023, Plaintiff received correspondence from GAF regarding an initial loan amount of $3,997.25.

25.     On or about December 16, 2023, Plaintiff received a billing statement from GAF.

26.     Shortly thereafter, Plaintiff contacted GAF who advised the loan originated with Big Sandy Superstore.

27.     Plaintiff then contacted Big Sandy Superstore who advised the account was opened in person at their store in Ashland, Kentucky for the purchase of a mattress and mattress cover. Plaintiff has never been to Kentucky.

28.     In or about January 2024, Plaintiff contacted the CRAs to dispute the fraudulent reporting.

29.     On or about January 17, 2024, Plaintiff reported the GAF Account to the Consumer Financial Protection Bureau ("CFPB"), File ID 240117-13029574.

30.     In the CFPB report, Plaintiff detailed the fact that the GAF Account was fraudulent and not authorized, and she requested an investigation into the inaccurate reporting.

31.     Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as Equifax, Experian, and Trans Union, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

32.     Upon information and belief, Equifax, Experian, and Trans Union failed to review the CFPB complaint that Plaintiff filed and continued to report the erroneous account on her credit report.

33.     On or about January 17, 2024, Plaintiff filed a police report with the Mullens Police Department regarding the fraudulent activity.

34.     On or about January 22, 2024, Equifax responded only by stating that the hard inquiry as to Lendmark Financial Services would remain on her credit report.   Equifax ignored the dispute as to the tradeline in violation of the FCRA.

35.     Equifax failed to do any independent investigation into Plaintiff's dispute, and never attempted to contact Plaintiff during the alleged investigation.

36.     On or about February 1, 2024, Trans Union responded by stating it would be placing a fraud alert on her credit file and notifying Equifax and Experian of the alert:

> Dear Jeanine,
>
> We've added an initial fraud alert to your TransUnion credit report.
>
> Your fraud alert will stay on your credit report for one year and expires on 02/01/2025. If you want to extend it or update your phone number log in to edit your fraud alert at any time.
>
> We'll let Equifax and Experian know that you've placed this alert so they can also place fraud alerts on the credit reports you have with them.

37.    On or about January 30, 2024, Plaintiff obtained copies of her credit reports from the CRAs. Upon review, Plaintiff observed hard inquiries and personal identifying information including names, address, phone numbers, and employer information which did not belong to her. Further, Plaintiff observed the GAF Account was reported with a status of Current and a balance of $3,997, and the Synchrony Account was reported with a status of current and a balance of $1,392.

38.    Due to the inaccurate reporting, on or about February 2, 2024, Plaintiff sent detailed written dispute letters to the CRAs. In the letter, Plaintiff explained there were hard inquiries and personal identifying information appearing on her credit report which did not belong to her. Further, Plaintiff disputed the GAF Account and Synchrony Account stating she did not open or authorize those accounts, and the accounts did not belong to her. In the letter, Plaintiff included an image of her driver's license and recent billing statement as proof of identity. Plaintiff also included images of the erroneous reporting, images of the fraud alert

from Trans Union, images of the filed CFPB complaint, and images of the Mullens

Police Department police report.

39.    Plaintiff mailed the detailed dispute letters via USPS Certified Mail to

Equifax (7022 0410 0000 4859 54), Experian (7022 0410 0000 4859 5470), and

Trans Union (7022 0410 0000 4859 5456).

40.    On or about February 11, 2024, Equifax responded to Plaintiff's

detailed dispute letter by stating it was not blocking any information and requested

two forms of identification, despite Plaintiff having already provided the same in her

detailed dispute letter.

41.    Further, on or about February 16, 2024, and February 17, 2024, Equifax

responded to Plaintiff's dispute letter by providing information regarding remedying

identify theft.

42.    Plaintiff did not receive dispute results in the mail from Equifax.

However, upon review of an updated credit report on or about March 7, 2024,

Plaintiff observed that the Synchrony Account and incorrect personal identifying

information was no longer being reported. However, Plaintiff observed that the GAF

Account continued to appear with a status of Closed and balance of $3,997.

43.    Equifax failed to do any independent investigation into Plaintiff's

dispute, but rather parroted information it received from the furnisher.

44.    Equifax never attempted to contact Plaintiff during the alleged investigation.

45.    Upon information and belief, Equifax notified GAF of Plaintiff's dispute. However, GAF failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

46.    On or about February 9, 2024, Trans Union responded to Plaintiff's dispute letter by stating the identity theft report was valid.

47.    On or about February 16, 2024, Trans Union responded to Plaintiff's detailed dispute letter by stating personal identifying information had been removed and the Synchrony Account was not reported. Further, Trans Union stated the GAF Account was verified as accurate.

48.    Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

49.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

50.    Upon information and belief, Trans Union notified GAF of Plaintiff's dispute. However, GAF failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

51.    Despite confirmation of delivery on February 7, 2024, Plaintiff did not receive dispute results in the mail from Experian. However, upon review of an updated credit report on March 7, 2024, Plaintiff observed the Synchrony Account was not reported but that incorrect identifying information continued to appear. Further, the GAF Account continued to be reported with a status of Current and balance of $3,997 with a comment stating the account was disputed in March 2024 and remains unchanged.

52.    Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

53.    Experian never attempted to contact Plaintiff during the alleged investigation.

54.    Upon information and belief, Experian notified GAF of Plaintiff's dispute. However, GAF failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

55.    Despite Plaintiff's best efforts to have the erroneous account removed, Defendants continued to report the fraudulent and unauthorized GAF Account to

Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

56.     The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of furnishers.

57.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

58.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

     i.     Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

     ii.     Loss of time attempting to cure the error;

     iii.     Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life. Plaintiff is being physically affected by Defendants' reluctance to fix the error; and

     iv.     Apprehensiveness to apply for credit due to the fear of rejection.

**CAUSES OF ACTION**

**COUNT I**
**Violation of 15 U.S.C. § 1681e(b)**
**as to Defendant, Equifax Information Services LLC (Negligent)**

59.     Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-eight (58) as if fully stated herein.

60.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

61.     Equifax allowed for Furnisher(s) to report inaccurate information on an account.

62.     Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

63.     Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Mullens Police Department, which contained sworn testimony of the fraud.

64.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from

13

lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

65.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

66.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JEANINE LYNN JONES, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT II
### Violation of 15 U.S.C. § 1681e(b)
### as to Defendant, Equifax Information Services LLC (Willful)

67.     Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-eight (58) as if fully stated herein.

68.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

69.     Equifax allowed for Furnisher(s) to report inaccurate information on an account.

70.     Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

71.     Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Mullens Police Department, which contained sworn testimony of the fraud.

72.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

73.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

74.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JEANINE LYNN JONES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT III
### Violation of 15 U.S.C. § 1681i
### as to Defendant, Equifax Information Services LLC (Negligent)

75.     Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-eight (58) as if fully stated herein.

76.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

77.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief,

Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

78.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

79.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

80.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JEANINE LYNN JONES, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**COUNT IV**
**Violation of 15 U.S.C. § 1681i**
**as to Defendant, Equifax Information Services LLC (Willful)**

81.     Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-eight (58) as if fully stated herein.

82.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

83.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

84.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

85.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

86.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JEANINE LYNN JONES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681g
### as to Defendant, Equifax Information Services LLC (Negligent)

87.     Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-eight (58) as if fully stated herein.

88.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

89.     Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

90.     Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation or results to Plaintiff.

91.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

92.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

93.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JEANINE LYNN JONES, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681g

**as to Defendant, Equifax Information Services LLC (Willful)**

94.     Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-eight (58) as if fully stated herein.

95.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

96.     Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

97.     Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation or results to Plaintiff.

98.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

99.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

100.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JEANINE LYNN JONES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681e(b)
### as to Defendant, Experian Information Solutions, Inc. (Negligent)

101.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-eight (58) as if fully stated herein.

102.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

103.   Experian allowed for Furnisher(s) to report inaccurate information on an account.

104.   Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

105.   Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Mullens Police Department, which contained sworn testimony of the fraud.

106.   As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

107.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

108.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JEANINE LYNN JONES, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-

judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681e(b)
### as to Defendant, Experian Information Solutions, Inc. (Willful)

109.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-eight (58) as if fully stated herein.

110.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

111.   Experian allowed for Furnisher(s) to report inaccurate information on an account.

112.   Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

113.   Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Mullens Police Department, which contained sworn testimony of the fraud.

114.   As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

115.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

116.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JEANINE LYNN JONES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681i
### as to Defendant, Experian Information Solutions, Inc. (Negligent)

117.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-eight (58) as if fully stated herein.

118.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

119.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

120.   As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

121.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

122.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JEANINE LYNN JONES, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681i
### as to Defendant, Experian Information Solutions, Inc. (Willful)

123.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-eight (58) as if fully stated herein.

124.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

125.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief,

Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

126.   As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

127.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

128.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JEANINE LYNN JONES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT XI
### Violation of 15 U.S.C. § 1681e(b)
### as to Defendant, Trans Union LLC (Negligent)

129.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-eight (58) as if fully stated herein.

130.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

131.   Trans Union allowed for Furnisher(s) to report inaccurate information on an account.

132.   Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

133.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Mullens Police Department, which contained sworn testimony of the fraud.

134.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and

apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

135.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

136.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JEANINE LYNN JONES, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT XII
**Violation of 15 U.S.C. § 1681e(b)**
**as to Defendant, Trans Union LLC (Willful)**

137.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-eight (58) as if fully stated herein.

138.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

139.   Trans Union allowed Furnisher(s) to report inaccurate information on an account.

140.   Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

141.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Mullens Police Department, which contained sworn testimony of the fraud.

142.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

143.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

144.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JEANINE LYNN JONES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT XIII
### Violation of 15 U.S.C. § 1681i
### as to Defendant, Trans Union LLC (Negligent)

145.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-eight (58) as if fully stated herein.

146.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

147.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

148.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

149.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

150.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JEANINE LYNN JONES, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment

interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT XIV
## Violation of 15 U.S.C. § 1681i
## as to Defendant, Trans Union LLC (Willful)

151.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-eight (58) as if fully stated herein.

152.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

153.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

154.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss;

mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

155.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

156.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JEANINE LYNN JONES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT XV
### Violation of 15 U.S.C. § 1681s-2(b)
### as to Defendant, Great American Finance Holdings, LLC (Negligent)

157.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-eight (58) as if fully stated herein.

158.   GAF furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiff's potential lenders.

159.   After receiving Plaintiff's disputes, GAF violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

160.   Plaintiff provided all the relevant information and documents necessary for GAF to have identified that the account was fraudulent.

161.   GAF did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to GAF by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

162.   GAF violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

163.   As a direct result of this conduct, action and/or inaction of GAF, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

164.   The conduct, action, and inaction of GAF was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

165.   Plaintiff is entitled to recover costs and attorney's fees from GAF in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, JEANINE LYNN JONES, respectfully requests that this Court award actual damages against Defendant, GREAT AMERICAN FINANCE HOLDINGS, LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT XVI
### Violation of 15 U.S.C. § 1681s-2(b)
### as to Defendant, Great American Finance Holdings, LLC (Willful)

166.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-eight (58) as if fully stated herein.

167.   GAF furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiff's potential lenders.

168.   After receiving Plaintiff's disputes, GAF violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

169.   Plaintiff provided all the relevant information and documents necessary for GAF to have identified that the account was fraudulent.

170.   GAF did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to GAF by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

171.   GAF violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

172.   As a direct result of this conduct, action and/or inaction of GAF, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

173.   The conduct, action, and inaction of GAF was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

174.   Plaintiff is entitled to recover costs and attorney's fees from GAF in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, JEANINE LYNN JONES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, GREAT AMERICAN FINANCE HOLDINGS, LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JEANINE LYNN JONES, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and GREAT AMERICAN FINANCE HOLDINGS, LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 21st day of March 2024.

Respectfully Submitted,

***/s/ Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
Secondary Email:

Lisa@theconsumerlawyers.com
*Attorneys for Plaintiff*